IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFRED D. ALBERS, | ) | No. C 09-2647 MMC (PR) |
| Petitioner. | ) ) | **ORDER VACATING ORDER OF DISMISSAL; DIRECTING CLERK TO REOPEN ACTION; ORDERING RESPONDENT TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED** |
| v. | ) ) | |
| WARDEN M.S. EVANS, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

On June 14, 2009, petitioner, a California prisoner incarcerated at Salinas Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. Petitioner was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

When more than thirty days had passed since the deficiency notice was sent to petitioner and he had not filed an IFP application or paid the filing fee, the Court, by order filed July 28, 2009, dismissed the action without prejudice. (Docket No. 3.) That same date,

1 petitioner paid the filing fee. (Docket No. 5.) Now pending before the Court is petitioner's
2 request to reopen the instant action on the ground that prison officials were responsible for
3 the delay in sending the filing fee to the district court. Good cause appearing, the Court will
4 grant petitioner's request and will direct the Clerk to reopen the action.

**BACKGROUND**

6 In 1999, in the Superior Court of Humboldt County, petitioner was found guilty of
7 numerous counts of aggravated sexual assault on a child and the commission of lewd and
8 lascivious acts on a person under the age of fourteen. He was sentenced to a term of 106
9 years to life in state prison. The California Court of Appeal affirmed the judgment of
10 conviction, and the California Supreme Court denied review. Nearly ten years later,
11 petitioner sought state habeas corpus relief. On May 13, 2009, the California Supreme Court
12 denied petitioner's state habeas corpus petition.

**DISCUSSION**

14 A.  Standard of Review

15 This Court may entertain a petition for a writ of habeas corpus "in behalf of a person
16 in custody pursuant to the judgment of a State court only on the ground that he is in custody
17 in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);
18 Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an
19 order directing the respondent to show cause why the writ should not be granted, unless it
20 appears from the application that the applicant or person detained is not entitled thereto."
21 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the
22 petition are vague or conclusory, palpably incredible, or patently frivolous or false. See
23 Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,
24 431 U.S. 63, 75-76 (1977)).

25 B.  Petitioner's Claims

26 Petitioner claims the following errors render his convictions constitutionally infirm:
27 the improper admission of prior out-of-court statements made by petitioner's son; the trial
28 court's failure to instruct the jury that it must unanimously reach a verdict beyond a

reasonable doubt as to the particular act constituting each offense for which petitioner was convicted; the trial court's imposition of the maximum term for each offense without submission of the facts to a jury; a lack of evidence to support the trial court's sentencing determinations; and, imposition of a 106-year sentence in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Court's July 28, 2009 order of dismissal is hereby VACATED and the Clerk is hereby directed to REOPEN the instant action.

2. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

3

1 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
2 the date any opposition is filed.

3     5. Petitioner is reminded that all communications with the Court must be served on
4 respondent by mailing a true copy of the document to respondent's counsel.

5     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
6 Court and respondent informed of any change of address and must comply with the Court's
7 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
8 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9     7. Upon a showing of good cause, requests for a reasonable extension of time will be
10 granted as long as they are filed on or before the deadline they seek to extend.

11     IT IS SO ORDERED.

12 DATED: October 21, 2010

13                                            MAXINE M. CHESNEY
                                           United States District Judge