IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED D. ALBERS, ) | No. C 09-2647 MMC (PR) |
| Petitioner. ) | **ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY; DENYING REQUEST TO STAY PETITION** |
| v. ) | |
| WARDEN M.S. EVANS, ) | |
| Respondent. ) | **(Docket Nos. 8 & 12)** |
| _____ ) | |

On June 14, 2009, petitioner, a California prisoner then incarcerated at Salinas Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition contains five claims, all of which petitioner asserts were exhausted in the state courts. On November 16, 2010, respondent filed a motion to dismiss the petition as untimely. Noting that petitioner likely never received respondent's motion to dismiss due to petitioner's transfer to a different prison around the time the motion was served, the Court extended to June 20, 2011 petitioner's deadline to oppose the motion to dismiss. Rather than filing an opposition, petitioner has filed a motion to stay the petition while he returns to state court to exhaust a separate claim asserting actual innocence, based

---

[1] Plaintiff currently is incarcerated at the Correctional Training Facility, Soledad, California.

on "new evidence." (Mot. for Stay at 3.)[2]

## BACKGROUND

In 1999, a jury in Humboldt County Superior Court found petitioner guilty of aggravated sexual assault of a child, forcible rape, oral copulation, anal penetration, and forcible lewd acts. Petitioner was sentenced to a term of 106 years to life.

On May 31, 2000, the California Court of Appeal affirmed the judgment. (Mot. to Dismiss Ex. 1.) On August 8, 2000, the California Supreme Court denied review. (Id.)

On September 25, 2007, petitioner filed a habeas petition in the Humboldt County Superior Court.[3] The petition was denied on October 12, 2007. (Mot. to Dismiss Ex. 3.)

On November 3, 2008, petitioner filed a habeas petition in the California Supreme Court. (Mot. to Dismiss Ex. 2.) The petition was denied on May 13, 2009.[4]

As noted, the instant federal habeas petition was filed on June 14, 2009.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] "[T]ime during which a properly filed application for state post-conviction or other collateral review . . . is

---

[2] As referenced herein, page numbers are those affixed to the top of each page by the court's electronic filing program.

[3] Neither petitioner nor respondent provides the date on which petitioner filed his first state habeas petition.

[4] See California Appellate Courts' on-line Register of Actions at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1899686&doc_no=S168008

[5] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

2

pending" is excluded from the one-year time limit. Id. § 2244(d)(2).

Here, the state courts' direct review of petitioner's conviction and sentence ended on August 8, 2000, when the Supreme Court of California denied the petition for review. The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A), however, includes the ninety-day period within which a petitioner may file in the United States Supreme Court a petition for a writ of certiorari under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired, and the one-year limitations period for filing a federal habeas petition began, on November 6, 2000, ninety days after August 8, 2000. One year later, on November 6, 2001, the limitations period expired. The instant petition is deemed filed on June 4, 2009,[6] over seven years later. Consequently, absent tolling, the instant petition is untimely.

Although the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," see 28 U.S.C. § 2244(d)(2), petitioner's first state habeas petition was not filed until September 25, 2007, over five years after the limitations period had expired. Because petitioner's first application for post-conviction or other collateral review was filed in the state courts after the limitations period had already expired, petitioner is not entitled to tolling pursuant to § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Here, petitioner essentially argues he should be excused from AEDPA's limitations period on grounds of "actual innocence" based on "new evidence." (Mot. for Stay at 3.) In particular, petitioner, relying on Schlup v. Delo, 513 U.S. 298, 315 (1995), asks the Court to stay the instant petition while he returns to state court to exhaust his "actual innocence

---

[6]See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (deeming pro se federal habeas petition filed when prisoner signs petition and presumptively gives it to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). It appears that the instant petition was signed on June 4, 2009. (See Pet. at 9.)

3

claim." (Mot. for Stay at 3-4.) In Schlup the United States Supreme Court held a petitioner may avoid a procedural bar to consideration of the merits of his or her petition if he/she can establish "actual innocence." See Schlup, 513 U.S. at 313-16. To make such a showing, the petitioner's claim of actual innocence must be supported "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup, 513 U.S. at 324. Further, the requisite evidence must be factual and indicate actual innocence, "as opposed to legal innocence as a result of legal error." Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2002) (citing Schlup, 513 U.S. at 321). A petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).[7]

In this instance, the Court first notes that petitioner nowhere states the basis for his actual innocence claim, and, in any event, as discussed below, such a claim cannot serve to excuse his untimely filing.

The procedural bar considered in Schlup concerned the filing of subsequent petitions, the issue being whether a claim not raised in a petitioner's first federal habeas petition could be brought in a "second" petition where a claim of innocence was used as a "gateway" to consideration of such "otherwise barred constitutional claim." See Schlup, 513 U.S. at 307, 315. More recently, the Ninth Circuit addressed the question presented by the instant petition and motion, specifically, whether an actual innocence claim could provide a "gateway . . . through the statute of limitations for original petitions." Lee v. Lampert, 610 F.3d 1125, 1128 (9th Cir. 2010). The Ninth Circuit concluded "there is no Schlup actual innocence exception to override the statute of limitations." Id. at 1133. In reaching its conclusion, Lee

---

[7] In addition to Schlup, petitioner relies on Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court discussed the stay-and-abeyance procedure for a mixed petition, i.e., a petition that contains both exhausted and unexhausted claims. See Rhines, 544 U.S. at 271. Because the instant petition contains only exhausted claims, it is not a mixed petition and Rhines is inapplicable.

4

focused on the language of § 2244(d)(1) and noted said statute establishes three specified exceptions to the one-year limitations period, none of which concerns innocence. See id. at 1127. The Ninth Circuit found such omission evidenced an intent on the part of Congress not to include actual innocence as an exception to the statute of limitations for original habeas petitions, particularly in light of § 2244(b)(2)(B), in which Congress "expressly create[d] an actual innocence exception to the bar against second or successive habeas petitions." See id. at 1130-31.

In sum, because there is no actual innocence exception to the statute of limitations for original petitions, petitioner will not be able to amend his petition to add an actual innocence claim at a later time, as he apparently endeavors to do by way of his motion to stay. Consequently, it would serve no purpose to grant petitioner a stay to allow him to exhaust such claim in state court.

Accordingly, respondent's motion to dismiss will be granted, and petitioner's motion to stay will be denied.

**CONCLUSION**

1. Petitioner's motion to stay the instant petition is hereby DENIED.

2. Respondent's motion to dismiss the instant petition as untimely is hereby GRANTED. The dismissal is without prejudice to petitioner's endeavoring to file a new federal habeas petition alleging his "actual innocence" claim, pursuant to Schlup v. Delo, 513 U.S. 298 (1995), following proper exhaustion.

3. The Clerk shall enter judgment and close the file.

This order terminates Docket Nos. 8 and 12.

IT IS SO ORDERED.

DATED: July 21, 2011

MAXINE M. CHESNEY
United States District Judge